ALTENBERND, Judge,
Concurring.
I fully concur in Judge Casanueva’s excellent opinion for the court. I also share many of the concerns addressed by Judge Wallace. Given the effort that both judges have devoted to this case, it should be obvious that we are troubled by the application of this rule of procedure in this *1179 context. Intuitively, most legal minds would initially believe that when the government compels you to provide your own blood as evidence against you, you ought to be entitled to receive a private report concerning the contents of that blood. See art. I, § 23, Fla. Const.
I would underscore our narrow holding: this court cannot prevent the State from seeking this report or the trial court from ordering its production to the State in the context of a common law petition for cer-tiorari. If the State chooses to obtain and review this report, it will undoubtedly create additional issues for direct appeal that can be assessed under a different standard of review. Absent exceptional circumstances, if the trial court permits the State to use this second report at trial or allows the State to argue that “even the defendant’s own expert concludes she was intoxicated,” it is quite possible that this case may be tried more than once.